UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES BAKER | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:09-cv-197/1:08-cr-80 |
| | ) | Judge Mattice |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Charles Baker ("Baker") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 22). Baker contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. The United States opposes the motion (Criminal Court Doc. 31).

After reviewing the record, the Court concludes that the § 2255 motion will be **DENIED** (Criminal Court Doc. 22). The § 2255 motion is without merit. Because there are no material issues of fact in dispute and the record conclusively shows that Baker is not entitled to any relief under 28 U.S.C. § 2255, there is no need for an evidentiary hearing.

**I.      28 U.S.C. § 2255 - STANDARD OF REVIEW**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255 (b).

1

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error, a movant must show a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996).

## II. PROCEDURAL BACKGROUND

On July 22, 2008, a grand jury in the Eastern District of Tennessee returned a one-count indictment charging Baker with possession with intent to distribute five grams or more of cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Baker was arrested on a writ of habeas corpus on August 11, 2008, while in the custody of the State of Tennessee. Baker was detained without bond after his initial appearance.

Baker pled guilty, pursuant to the terms of a written plea agreement. Baker had a total offense level of 31 and 14 criminal history points, which put him in a criminal history category of VI, the same category mandated by his career-offender status. His advisory Guidelines range was 188 to 235 months. The Court granted Baker's request for a below-Guidelines sentence and sentenced him to 160 months imprisonment; 4 years supervised release; and imposed a $100.00 special assessment (Criminal Court Doc. 21). Baker's judgment was entered on April 7, 2009; he did not pursue a direct appeal. Baker subsequently filed this timely § 2255 motion.

## III. FACTS

The following recitation of the facts is from the Presentence investigation report:

4. On June 16, 2008, a Chattanooga, Tennessee, Patrol Officer observed Charles Baker in a GMC Suburban on Willow Street. The officer had arrested Mr. Baker before and knew that he did not have a valid driver's license. The officer stopped the vehicle, arrested Mr. Baker, and transported him to jail.

5. While processing Mr. Baker at the jail, the officer asked the defendant to remove his shoes. Mr. Baker complied with the request, but as he did, the officer noticed a bulge above the inside ankle of one of the defendant's socks. The officer then requested that Mr. Baker remove his socks. He removed one sock, turned it inside out, and laid it on the counter. When he started to remove the second sock, the one

> with the visible bulge, Mr. Baker leaned over the counter with his shoulder and the officer thought Mr. Baker was trying to obstruct the officer's view of his foot. Mr. Baker slid the sock off his foot without turning it inside out as he had with the first sock. Holding the sock by the toe, he laid it on the counter. When the officer searched the sock, he found a plastic bag containing crack cocaine in the toe of the sock. The laboratory report indicates that the crack cocaine weighed 6.3 grams.

(PSI, p. 3).

## IV.   ANALYSIS

Baker raises three instances of alleged ineffective assistance of counsel in his § 2255 motion, which the Court will address after reviewing the law applicable to ineffective of assistance of counsel claims.

To establish ineffective assistance of counsel, Baker must demonstrate, as established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), two essential elements:  (1) counsel's performance was deficient, i.e., below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense.  *Id.* at 687-88; *see also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987).

In plea proceedings, the movant must show but for counsel's deficient performance, he would not have pleaded guilty.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial.  *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3rd Cir. 1995).  The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct was within the

wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992).

As an initial matter, the Court observes that Baker has failed to meet the prejudice prong as to any of his claims because he has failed to allege, much less demonstrate, a reasonable probability that he would have gone to trial but for counsel's alleged errors. Indeed, the only relief Baker requests is that the Court have an evidentiary hearing to determine that he is actually innocent.  Thus, Baker has failed to fulfill his burden of proving that "but for counsel's errors, he would not have plead guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. at 59.  Furthermore, as explained below, Baker has failed to demonstrate counsel was ineffective.

### A. Conflict of Interest

Baker's first claim of ineffective assistance of counsel is somewhat confusingly pled (Criminal Court Doc. 22).  As the Court understands it, Baker is claiming counsel had a conflict of interest because she failed to interview Calvin and Willie, both of whom Baker contends would have testified that the drugs he possessed was for their personal use (Criminal Court Doc. 22, p. 14).  What Baker apparently fails to realize is that such testimony demonstrates his intent to distribute the drugs to at least two other people i.e., Calvin and Willie.

Nevertheless, counsel's alleged failure to interview these two witnesses does not amount to a conflict of interest.  Additionally, Baker's conflict of interest claim is perplexing as he does not contend that counsel represented either of these two witnesses. Baker has set forth no specific facts to support the alleged conflict of interest, and without any factual

5

basis for his allegations, Baker's claim is insufficient to raise an issue for this Court's review. Consequently, because Baker fails to provide any factual support for his conflict-of-interest claim, it violates the fact pleading requirements for § 2255 motions. Rule 2 of the Rules Governing Section 2255 Proceeding for the United States District Courts. Nevertheless, for the sake of discussion, the Court will presume Baker's claim is adequate.

To establish a violation of the Sixth Amendment, Baker must demonstrate counsel "actively represented conflicting interests" and that an actual conflict of interest adversely affected counsel's performance. *Wilson v. Parker*, 515 F.3d 682, 697-98 (6th Cir. 2008). When a § 2255 movant claims ineffective assistance of counsel on the ground counsel represented simultaneously conflicting interests at trial, he "must demonstrate that 'a conflict of interest actually affected the adequacy of his representation,'" *Mickens v. Taylor*, 535 U.S. 162, 168 (2002) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980)), but need not show that but for the conflict the outcome of the proceeding would have been different. The conflict must be "real or genuine, as opposed to [ ] hypothetical," *Moss v. United States*, 323 F.3d 445, 467 n. 23 (6th Cir. 2003), and must have adversely affected "counsel['s] . . . basic strategic decisions." *Id*. at 446 (quotations omitted).

Here Baker has not demonstrated an actual conflict, but even assuming he had, he has failed to demonstrate the alleged conflict affected counsel's performance. To establish a conflict of interest adversely affected counsel's performance, Baker must "point to specific instances in the record to suggest an . . . impairment of his interests . . . .There is no violation where the conflict is . . . merely hypothetical." *United States v. Mays*, 77 F.3d 906, 908 (6th Cir. 1996) (citations omitted).

6

To demonstrate his attorney had an actual conflict of interest, Baker must demonstrate counsel '"actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland v. Washington*, 466 U.S. 668, 692 (1984) (quoting *Cuyler v. Sullivan*, 446 U.S. at 350). Baker has done neither. This is not a situation where counsel was representing co-defendants or where the outcome of Baker's case was in way related to any case in which his counsel represented someone with opposing interests or where the outcome of a case in which counsel represented another person related in any way to Baker's case. Thus, there is no proof an actual conflict of interest affected defense counsel's representation of Baker.

In sum, a review of Baker's brief in support of his motion does not reveal a single fact to support this claim. The record does not indicate counsel had any conflict of interest. Baker's claim that counsel had a conflict of interest consists of his cite to cases and a discussion of their holdings. Although Baker argues counsel must conduct an investigation, he fails to allege how this alleged failure resulted in a conflict of interest. Even assuming the allegation is sufficiently pled, Baker has failed to demonstrate ineffective assistance of counsel as there is no evidence before the Court indicating counsel suffered from a conflict of interest which adversely affected her performance.

Accordingly, relief on his claim that counsel suffered from a conflict of interest is **DENIED** for failure to provide factual support, and alternatively, even assuming the allegation is sufficient, it is **DENIED** for failure to demonstrate counsel suffered a conflict which adversely affected her performance.

To the extent Petitioner claims counsel was ineffective for failing to interview witnesses, the claim likewise fails. Baker lists two potential witnesses i.e., Calvin and Willie, and alleges they "have knowledge of the fact that the cocaine (drugs) that I possessed were for *our* personal use, not for distribution of drugs." (Criminal Court Doc. 22) (emphasis added). Aside from the fact that Baker failed to provide the affidavits of the two alleged witnesses, his averment demonstrates he intended to distribute the drugs to at least two other people i.e, Calvin and Willie. Thus, the testimony of these two witnesses that the drugs were for the three men's personal use would have assisted the prosecution in convicting Baker. Accordingly, counsel was not ineffective for failing to interview witnesses she had little reason to believe would provide useful or helpful information. *See Sanders v. Trickery*, 875 F.2d 205, 210 (8th Cir. 1989). Under these facts, Baker is unable to demonstrate counsel's representation amounted to incompetence under "prevailing professional norms" or that he suffered any prejudice. *See Strickland*, 466 U.S. at 690.

B. **Coerced Guilty Plea**

Next, Baker alleges counsel coerced him into pleading guilty by threatening that he would receive a sentence of thirty years to life if he proceeded to trial. Assuming counsel did advise Baker that he was facing a sentence of thirty years to life, Baker suffered no prejudice as he was notified, during his rearraignment and prior to entering his guilty plea, of the correct term of imprisonment he was facing.

The Court instructed the government to advise Baker, during his rearraignment, of the penalties provided by law for the offense to which he was going to plead guilty. The government advised Baker that because of his prior felony drug conviction, he faced a

8

maximum term of imprisonment of life and a minimum sentence of 10 years. The Court confirmed that Baker was facing "[a] term of imprisonment of 10 years to life?" (Criminal Court Doc. 30, p. 9). Then the Court specifically asked Baker if "knowing all of those penalties, the penalties that Ms. Bay just explained and the ones I just outlined for you, do you still want to plead guilty here today?" Baker responded, "Yes, sir." (Criminal Court Doc. 30, p. 10). Clearly, the Court advised Baker he was subject to receive a sentence anywhere between ten years and life so he knew what possible sentence he was facing prior to entering his plea.

"Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993), *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir.), *cert. denied*, 426 U.S. 953 (1976)). This Court scrupulously followed the Rule 11 procedure and Baker is bound by his sworn statements he made in response to the Court's inquiry under Rule 11. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993).

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Thus, where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to

live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984), *abrogated in part on other grounds, Puckett v. United States*, 556 U.S. 129 n. 1 (2009). Fed. R. Crim. P. 11 requires the Court to ask the defendant certain questions which creates a record that can be relied upon to insulate the guilty plea in any future appeals and collateral attacks. *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 ensures a colloquy that exposes the defendant's state of mind through personal interrogation.

Here, the colloquy that occurred between the Court and Baker refutes his allegations that he entered a coerced plea. Baker was clearly advised and affirmed, in open court, that he understood the statutory sentencing range, the charges to which he was pleading, and the consequences of his plea (Criminal Court Doc. 30). The Court specifically identified the charge against Baker and explained each element the government must prove before he could be convicted of the crime and each constitutional right he was waiving by entering a guilty plea (Criminal Court Doc. 30). The terms and consequences of entering a guilty plea were clearly explained to Baker in open court on the record. The alleged coercion now cited by Baker was not mentioned, even though he was specifically asked whether anyone had threatened or compelled him in any way to plead guilty (Criminal Court Doc. 30, p. 5). Although Baker actively participated in the hearing, he never mentioned what he now alleges, i.e., that counsel coerced him into pleading guilty by telling him that he was facing a sentence of thirty years to life. The Court explained and Baker agreed that although he was facing a sentence of ten years to life, the specific sentence was unknown and that the Court would make that determination at his sentencing hearing. Therefore, Baker is not entitled to an evidentiary hearing on his claim he was coerced into pleading guilty.

In sum, Baker has failed to provide any credible evidence that he was coerced into pleading guilty. This conclusion is supported by the rearraignment transcript of the statements made by Baker under oath, as it rebuts the claim he now advances. Accordingly, Baker is not entitled to any § 2255 relief on his claim that counsel coerced him into pleading guilty by telling him he was facing a sentence of thirty years to life.

    **C.    Counsel's Performance During Sentencing**

Baker claims counsel rendered ineffective assistance during sentencing by failing to argue that he was factually and legally innocent of drug distribution and possessed the drugs only for his personal use. Baker seemingly claims counsel could have proven his innocence if she had conducted further investigation and discovered that the arresting officer had previously arrested Baker, that Baker has a history of drug abuse, and that he possessed the drugs only for "personal use."

Turning first to the actual innocence claim, the Court notes there is a difference between a "gateway claim" and a "freestanding claim" of actual innocence. *See House v. Bell*, 547 U.S. 518 (2006). The United States Supreme Court has previously recognized a gateway claim of actual innocence which exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him from bringing other claims. *Id*. at 536-37; *Bousley v. United States*, 523 U.S. 614, 623 (1998). Raising actual innocence to avoid a procedural bar serves as a gateway for a petitioner to argue his procedurally defaulted claims before the habeas court. *House*, 547 U.S. at 536-37. Thus, an actual innocence gateway claim is a complement to the "cause and prejudice" standard which permits a petitioner to raise an otherwise procedurally barred claim. *See McNeal v. United States*,

11

249 F.3d 747, 749 (8th Cir. 2001) ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence.").

A freestanding claim of actual innocence, which is what Baker is attempting to raise, is an attempt to prove his innocence outright. *See House*, 547 U.S. at 554-55; *see also Herrera v. Collins*, 506 U.S. 390, 417 (1993) (recognizing the possibility of a freestanding actual innocence claim). Nevertheless, a freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court. *House*, 547 U.S. at 555 (concluding "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The *House* Court did, however, establish that the standard for any freestanding innocence claim would be "'extraordinarily high.'" *Id*. (quoting *Herrera*, 506 U.S. at 417). Although the Court did not elaborate upon the "extraordinarily high" standard, it did indicate the standard for a freestanding claim would be higher than the standard for a successful gateway innocence claim. *Id*. ("The sequence of the Court's decisions in *Herrera* and *Schlup*—first leaving unresolved the status of freestanding claims and then establishing the gateway standard—implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*."). Thus, if Baker is unable to meet the gateway standard, there is no doubt that he will be unable to meet the freestanding standard.

To establish a gateway innocence claim a petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995);

12

*see also Bousley v. United States*, 523 U.S. at 623 (To establish a gateway actual innocence claim a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.") (internal quotations and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id*. at 623. In addition, to establish a gateway claim, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Baker has not presented any new reliable evidence of his innocence that was not presented during his criminal proceedings. Consequently, he is unable to meet the gateway standard and thus, he necessarily is unable to meet the higher standard required for a successful freestanding claim of actual innocence.

In addition, it is evident from Baker's acknowledgment of the factual proffer during the plea colloquy and his failure to object to the specific facts revealed in the presentence investigation report, that he engaged in the conduct to which he pleaded guilty. Baker's statements made during his plea colloquy are entitled to a "presumption of verity," *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999), and Baker has presented nothing to undermine that presumption. Baker entered into a knowing and voluntary plea after the Court conducted a thorough Rule 11 colloquy. At that time, Baker agreed to the factual basis for the plea which supports his conviction. The record before this Court contains no showing of actual innocence.

Baker has not presented any evidence to contradict his admissions in open Court or any of the other evidence indicating his guilt. Baker simply has not provided any

13

evidence demonstrating he is actually innocent. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). In sum, Baker's claim that counsel should have established during sentencing that he was actually innocent fails as he has submitted no evidence demonstrating his innocence. Thus, he cannot establish counsel was ineffective for failing to present an actual innocence argument. Accordingly, Baker is **DENIED** relief on his actual innocence claim.

As to Baker's claim that counsel ineffectively failed to present evidence that the arresting officer had previously arrested Baker, he has not met his burden of demonstrating counsel's decision not to emphasize Baker's prior arrests was not a sound strategic decision. Under *Strickland*, this is the type of decision linked to strategy that is unchallengeable. As the government points out, highlighting Baker's prior misdeeds would not have resulted in sympathy or leniency from the Court. Therefore, Baker is unable to demonstrate he suffered any prejudice as a result of counsel's decision not to emphasize his prior criminal arrests by the same officer.

To the extent Baker claims counsel should have argued he was a drug user, she did so. Counsel prepared a sentencing memorandum requesting the Court to impose a non-guidelines sentence explaining that he was not the repeat drug trafficker Congress had in mind as a career offender as he was a severe addict (Criminal Court Doc. 19). Counsel submitted letters from Baker's friends and family and presented the testimony of one of

14

Baker's sisters during the sentencing hearing. Thus, counsel proved and argued Baker suffered a horrific childhood, had a history of drug use, and was in need of counseling and substance abuse treatment. In addition, Baker told the Court he was a drug user (Criminal Court Doc. 29). Counsel's strategy was effective as the Court imposed a sentence of 160 months which was more than two years below the bottom of Baker's applicable Guideline range of 188 to 235 months. Consequently, Baker has not demonstrated counsel was ineffective during sentencing.

In summary, the record reflects counsel effectively represented Baker at sentencing by securing a below-guidelines sentence. Counsel's advice to Baker to plead guilty secured him a three-level reduction for acceptance of responsibility and by arguing that his specific circumstances as a drug user warranted a departure she secured him a sentence below the guidelines. Had counsel argued Baker was actually innocent, something which the record does not support, Baker likely would have lost his credit for acceptance of responsibility and faced a higher sentence. Accordingly, these are not actions of ineffective counsel, but rather, demonstrates counsel's performance was not unreasonable and Baker suffered no prejudice as a result of counsel's performance during sentencing.

## V. CONCLUSION

Baker has failed to present any facts which establish his conviction and/or sentence are subject to collateral attack under 28 U.S.C. § 2255. Baker's § 2255 motion will be **DENIED** as he is not entitled to any relief under § 2255 (Criminal Court Doc. 22).

In addition, the Clerk will be **DIRECTED** to send a copy of this Memorandum and the accompanying Judgment Order to Robin Duncan, Case Manager, United State Court of Appeals for the Sixth Circuit, in reference to their Case No. 12-5157.

An appropriate judgment order will enter.

                                                            */s/Harry S. Mattice, Jr.*
                                                       HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE